**STATE of Missouri, ex rel., Rufus NEAL (Relator), Respondent,**

v.

**Honorable James F. KARL, Appellant.**

**No. WD 32437.**

Missouri Court of Appeals, Western District.

Jan. 26, 1982.

Aaron Wilson, Jack H. Schrimsher and Edward B. Rucker, Kansas City, for appellant.

Clinton Adams, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

This is an appeal from an order of the Circuit Court of Jackson County making permanent a preliminary writ of prohibition. The writ prohibited Judge Karl of the Municipal Court of Kansas City, Missouri, from proceeding with a parole revocation hearing against one Rufus Neal, relator here. Judge Karl appeals. The writ of prohibition is quashed.

Relator Neal claims the issues raised by a second parole revocation proceeding are res judicata, in that they were finally disposed of in an earlier parole revocation proceed-

ing, which was set aside by a writ of habeas corpus.

On December 31, 1979, Neal was convicted of violating Kansas City, Mo., Code of General Ordinances, § 34.119 (1975), by operating a motor vehicle while having a blood alcohol content of .10% or higher. He was sentenced to serve 120 days at the Municipal Correctional Institution. The sentence was suspended and he was placed on probation for a term of 730 days. Neal agreed to abide by certain conditions of probation including not drinking and driving.

At the first parole revocation hearing on April 2, 1980, the municipal court found that Neal violated the terms of his probation by drinking and driving. Neal's probation was revoked and he was ordered to serve his 120-day sentence.

Neal applied for a writ of habeas corpus from the Circuit Court of Jackson County. The writ was issued on the pleadings on April 3, 1980. In a memorandum order, the circuit court found that "[t]he record clearly demonstrates that the petitioner was not given sufficient written notice of claimed violations of conditions of probation, disclosure of the evidence to be used against him and that no written statements of the judicial officer as to the evidence relied on and the reasons for revoking probation were made."

The city then initiated the second proceeding to revoke Neal's probation. The city attempted to rectify the procedural defects outlined in the circuit court's order, by sending Neal a written notice of the alleged probation violation and the evidence that would be presented against him.

Neal applied to the Circuit Court of Jackson County for a writ of prohibition, directed to Judge Karl of the municipal court. The circuit court made the writ of prohibition permanent on December 16, 1980. In its order, the court found that in the pleadings filed in the earlier writ of habeas corpus proceeding, Neal had alleged that he was not informed of the conditions of probation at the time of sentencing and that his probation was revoked for committing an act that was not a violation of his probation. The court found that the court in granting the writ of habeas corpus found these issues in Neal's favor and were res judicata. This, according to the trial court whose judgment we are reviewing, prevented the city from instituting a second probation revocation hearing.

The municipal court judge contends that the order entered when the court issued the writ of habeas corpus did not resolve in Neal's favor all issues raised by the pleadings and did not prohibit the municipal court from proceeding with a second probation revocation hearing. He says that the habeas corpus writ settled only the single issue upon which the writ was issued, i.e., the issue of notice to Neal of the grounds upon which the parole revocation was sought, and the evidence, by which the city would attempt to establish its case.

■ The respondent Neal did not file a brief in this court. A respondent is not required to file a brief on appeal. He may rely on the presumption of the correct judgment in the court below. However, briefs by both parties are encouraged in order to give all parties the opportunity to aid the court in reaching a proper decision. *Mochar Sales Co. v. Meyer*, 373 S.W.2d 911, 913 (Mo.1963); *Quinn v. St. Louis Public Service Co.*, 318 S.W.2d 316, 319 [1, 2] (Mo. 1958).

In order to determine whether the order issued with the writ of habeas corpus resolved all matters in Neal's favor so as to preclude the city from bringing a second revocation proceeding, the legal effect of the writ of habeas corpus needs to be determined. If all issues were not resolved in Neal's favor, then the circuit court improvidently granted the writ of prohibition. In reviewing the order issued with the writ of habeas corpus, this court should construe the judgment "in light of the situation of

the court, what was before it, and the accompanying circumstances", and "in the light of the character and object of the proceeding culminating in the judgment." *Jeans v. Jeans*, 314 S.W.2d 922, 925 (Mo. App.1958); *McGowan v. St. Louis Union Trust Co.*, 369 S.W.2d 144, 154 (Mo.1963).

The petition Neal filed when seeking the writ of habeas corpus[1] set out alternative grounds upon which he claimed relief. The pleadings allege Neal "was not given written notice of the conditions of probation allegedly violated; the substance of the evidence to be presented against him was not disclosed; the identity of the witnesses to be called against him was not disclosed prior to the hearing; the court did not make a written statement of the evidence relied on and the reasons for revoking the probation; the court failed to consider alternative responses to revocation; Petitioner was not properly and adequately informed of the conditions of probation imposed at the time of sentencing; Petitioner's probation was revoked for allegedly committing an act that was not a condition of his probation."

In its order, the circuit court specifically stated that it was granting the writ of habeas corpus because the mandated due process requirements for parole revocation proceedings had not been met. *See Moore v. Stamps*, 507 S.W.2d 939 (Mo.App. banc 1974); *Reiter v. Camp*, 518 S.W.2d 82 (Mo. App.1974).

The court's order contemplated that the city could bring a second revocation proceeding. The court ended the order by noting that "this order is without prejudice to the proper procedures being filed and followed in this case." When a parole revocation proceeding is invalidated because of a failure to meet the procedural due process requirements, a second hearing can be held once the proper procedures are followed. Rule 91.54; *Moore v. Stamps*, supra at 951.

The order did not extend to other matters raised by Neal's pleadings. The order showed the narrow scope of the grounds upon which writ of habeas corpus was issued. The writ of prohibition was improvidently granted because the writ of habeas corpus did not resolve in Neal's favor the issues presented by the second parole revocation proceeding.

The judgment of the trial court is reversed and the writ of prohibition is quashed.

All concur.

---

**1.** The petition, return and the prisoner's response, if any, to the return, constitute the pleadings in a habeas corpus proceeding. Rule 91.02, 91.16, 91.28.