STATE EX REL. RIVERSIDE PIPE-LINE COMPANY, L.P., Mid–Kansas Partnership, and Missouri Gas Energy, Respondents,

v.

PUBLIC SERVICE COMMISSION OF the State of MISSOURI, Appellant.

No. SC 86474.

Supreme Court of Missouri, En Banc.

June 14, 2005.

Thomas R. Schwartz, Cliff E. Snodgrass, Jefferson City, for appellant.

Richard M. Paul, III, Gregory L. Musil, Kansas City, Charles B. Stewart, Columbia, Brian T. McCartney, Jefferson City, for respondents.

STEPHEN N. LIMBAUGH, JR., Judge.

Following a decision by the Public Service Commission (PSC), Riverside Pipeline Co. (Riverside) and Mid–Kansas Partnership (MKP) filed a petition for a writ of review in the Cole County Circuit Court. The circuit court reversed the PSC's decision, and the PSC appealed the judgment to the Court of Appeals, Western District. The court of appeals dismissed the appeal for lack of jurisdiction, and this Court granted transfer. Mo. Const. art. V, sec. 10. Having now determined that jurisdiction was proper in the court of appeals, the case is retransferred to that court for consideration of the merits of the appeal.

## I.

Riverside and MKP contracted with Missouri Gas Energy (MGE) to supply and transport natural gas to MGE's distribution system serving Kansas City, Missouri. MGE is a utility subject to the jurisdiction of the PSC. Natural gas distribution companies such as MGE are allowed to recoup approved costs for obtaining natural gas from their suppliers as part of the rate they charge their customers. Periodically, the PSC conducts an Actual Cost Adjustment (ACA) review to determine what costs public utilities are allowed to recover from their customers. As part of this

effort, the PSC staff conducts a "prudence review" to evaluate the utility's contracts with its suppliers. The staff then decides whether the costs associated with the contracts should be disallowed in whole or part.

In May of 1996, after a recently completed ACA review, Riverside, MKP, MGE, Western, the staff, and the Office of Public Counsel entered into a "Stipulation and Agreement" to "resolve certain disputes [then pending] between the parties." These disputes involved actual and potential disallowances by the PSC for the expenses MGE incurred from Riverside and MKP. The stipulation provided that Riverside and MKP would pay nearly $3 million to indemnify MGE for the credits that would be due its ratepayers as a result of the PSC's disallowance of costs associated with MGE's contracts with Riverside and MKP. In return, as Riverside and MKP contend, it was agreed that their contracts and contract renewals with MGE would not be subject to any further ACA prudence reviews by the PSC. The PSC staff disputes this contention, arguing that the stipulation and agreement applied only to the contract at issue at the time of the settlement, not contract renewals.

In 1998, the PSC staff challenged the prudence of the parties' contract renewals, recommending that nearly $3.5 million of the associated costs be disallowed. Riverside and MKP filed motions to dismiss the review, alleging that it was precluded by the 1996 stipulation. The PSC overruled the motions; thereafter, Riverside and MKP filed a petition for a writ of prohibition in the Cole County Circuit Court, seeking to prevent the PSC from conducting the prudence review. The court, upon PSC's motion, remanded for a hearing to allow the PSC to construe the stipulation, but after conducting a hearing, the PSC again overruled the motions to dismiss.

Then, in January 1999, pursuant to section 386.510, RSMo 1994,[1] Riverside and MKP filed a petition for a writ of review in the circuit court. The court held that the PSC had "acted unlawfully and/or unreasonably when it failed to make any finding that the 1996 Stipulation and Agreement was ambiguous, yet interpreted the Stipulation and Agreement without hearing any testimony or otherwise receiving any evidence to determine the intent of the parties to the Stipulation and Agreement." As a result, the court again remanded the case to the PSC.

On March 12, 2002, the PSC issued its decision and declared the stipulation to be ambiguous as to whether it barred the prudence review. However, on the merits, it rejected the staff's recommendation to disallow a portion of the costs for the ACA period under review; consequently, Riverside and MKP were not obligated to reimburse MGE. Even though they prevailed on the disallowance issue, Riverside and MKP filed an application for rehearing, which the PSC denied. They then returned to the circuit court with another petition for a writ of review, claiming that the PSC should not have taken up the disallowance issue in the first place. The court agreed, reversing the PSC and holding that the stipulation barred the staff's proposed disallowance and precluded any further ACA review of the contracts. The PSC appealed to the court of appeals, which dismissed the appeal for lack of jurisdiction.

## II.

On transfer, the PSC, taking the lead from the court of appeals which ruled the jurisdictional issue sua sponte, now

1. All statutory references are to RSMo 2000 unless otherwise indicated.

claims that there was no jurisdiction on appeal because Riverside and MKP do not have standing to appeal. They explain that Riverside and MKP were not aggrieved parties, that is, they were not aggrieved by the decision of the PSC because the PSC ruled in their favor by denying the staff's claim for disallowances. The appeal at issue, however, is not the "appeal" of the decision of the PSC to the circuit court by way of petition for review, and the appellants are not Riverside and MKP. Instead, the appeal is from the judgment of the circuit court to the court of appeals and this Court, and the appellant is the PSC. Perhaps the confusion is due to the anomalous procedure that in an appeal following judicial review of an administrative agency's decision (such as that of the PSC), the appellate court reviews the agency's decision, rather than the circuit court's judgment. *Mo. Coalition for the Environment v. Herrmann*, 142 S.W.3d 700, 701 (Mo. banc 2004). However, this is simply to say that the agency decision is to be reviewed in the context of the circuit court's judgment, which was a review of the agency decision in the first instance. Perhaps, too, the confusion stems from the application of Rule 84.05(e), which provides:

If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, and ... [t]he party aggrieved by the circuit court decision shall prepare the respondent's brief. . . .

But this rule pertains only to the determination of which party files its brief first and how the parties are designated. It is a procedural rule that provides a more logical order for filing briefs, but it does not affect the designation of which party must establish standing in order to appeal.

To reiterate, the appeal at issue is that taken by the PSC from the judgment of the circuit court. Whether Riverside and MKP were "aggrieved" by the decision of the PSC is of no consequence. The only determination necessary to establish appellate jurisdiction is whether the PSC was aggrieved by the judgment of the circuit court, and surely it was by virtue of the fact that the judgment was entered against it.

### III.

■ To the extent that the PSC is claiming that Riverside and MKP must be "aggrieved" by the decision of the PSC in order to have standing to bring the initial petition for writ of review to the circuit court, that claim fails as well. A threshold requirement for filing a petition for writ of review is to seek rehearing before the PSC under section 386.500.1, which states in pertinent part:

After an order or decision has been made by the commission, the public counsel or any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein. . . .

Subsequent review by the circuit court is governed by section 386.510, which states in pertinent part:

Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the

order or decision on rehearing inquired into or determined....

Nowhere in these procedures is any requirement that a party seeking rehearing and review must show that it is "aggrieved." Instead, the only requirement to seek rehearing is that the party must be "interested therein," and the only requirement to seek judicial review in the circuit court, as it pertains to this case, is that the interested party's application for rehearing was denied. In this case, the PSC concedes Riverside and MKP are interested parties and that their application was denied. Therefore, Riverside and MKP are entitled to judicial review "for the purpose of having the reasonableness or lawfulness of the original order ... inquired into or determined." The inquiry they present for judicial review is the lawfulness of the PSC's action in conducting ACA reviews in view of the stipulation and agreement, which, according to Riverside and MKP, precludes those reviews. The statute clearly permits this inquiry because the PSC's original order acted on those ACA reviews.

Our Rule 84.05(e) is perhaps again the source of some confusion as it refers to "the party aggrieved by the agency decision" in setting out the procedures for the filing of briefs when an appeal is taken from the circuit court's judgment. In the context of the rule, the party aggrieved by the agency decision refers simply to the party entitled to judicial review in the circuit court. Regardless, the language of the statute controls, and Riverside and MKP are entitled to judicial review because they are interested parties whose application for rehearing before the PSC was denied.

### IV.

In sum, this Court holds that the circuit court had jurisdiction to entertain the petition for review from the decision of the PSC, and the court of appeals had jurisdiction to entertain the PSC's appeal from the judgment of the circuit court. Therefore, the case is retransferred to the court of appeals for consideration of the merits of the appeal.

All concur.