**Paul GRUENERT, Appellant,**

v.

**GREEN PARK NURSING HOME, Respondent.**

**No. ED 89792.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 2007.

Michael L. McGlynn, Belleville, Il, for appellant.

Loretta A. Simon, Greta E. Cheney, St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Paul Gruenert ("Claimant") appeals the final award of the Labor and Industrial Relations Commission ("Commission") denying him worker's compensation. We dismiss Claimant's appeal.

## I. BACKGROUND

Claimant worked as a nurse for Green Park Nursing Home. Claimant sought worker's compensation, contending that a back injury was caused by his lifting a patient at work. The Administrative Law Judge ("ALJ") found that Claimant failed to meet his burden of proof on medical causation and was therefore not entitled to compensation. The Commission affirmed the ALJ's decision, awarding no compensation. Claimant appeals.

## II. DISCUSSION

In his sole point, Claimant alleges the Commission "errored" in its decision because the decision was "against the manifest weight of the evidence" in that Claimant proved that his injury was a substantial factor in aggravating his spine. Because Claimant's brief fails to comply with Rule 84.04, we dismiss Claimant's appeal.

"Failure to comply with the rules of appellate procedure constitutes grounds for dismissal of an appeal." *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo. App. E.D.2004). Rule 84.04 sets forth the requirements for appellate briefs.

Rule 84.04(a)(2) mandates that an appellant's brief contain "a concise statement of the grounds on which jurisdiction of the review court is invoked." Here, Claimant's jurisdictional statement states, in its entirety, "This action is an appeal from a decision of the Labor and Industrial Relations Commission pursuant to section 287.495 RSNo (sic)." Claimant's jurisdictional statement is inadequate in that it provides no factual information and fails to describe the grounds for jurisdiction.

In addition, Claimant's point relied on is deficient. Rule 84.04(d)(1) indicates that each point shall, "identify the trial court ruling or action that the appellant challenges[,] ... state concisely the legal reasons for the appellant's claim of reversible error [,] ... and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Here, Claimant merely states the trial court erred because Claimant proved his injury aggravated his spine. However, Claimant has provided no legal reason why such fact supports a claim of reversible error. *See In re Marriage of Weinshenker*, 177 S.W.3d 859, 863 (Mo.App. E.D.2005).

Also, Claimant's three and a half-page argument presents no authority for any proposition stated therein. Further, Claimant has failed to explain such omission. "The failure to cite authority supporting [a] point or to explain the failure to do so preserves nothing for review." *State ex rel. Missouri Highway and Transp. Comm'n v. Jacob*, 887 S.W.2d 661, 662 (Mo.App. E.D.1994).

We will not serve as an advocate for Claimant and speculate on facts and arguments that Claimant has not made. *Salmons v. Rich*, 206 S.W.3d 353, 354 (Mo.App. W.D.2006). Because Claimant's brief fails to comply with Rule 84.04 and because such requirements are mandatory, Claimant has failed to preserve anything for appellate review. *Bishop v. Metro Restoration Services, Inc.*, 209 S.W.3d 43, 45 (Mo.App. S.D.2006).

### III. CONCLUSION

Claimant's appeal is dismissed.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.