**VERSATILE MANAGEMENT GROUP**
**and Demitrius Glass, Respondents,**

v.

**W. Dale FINKE, Director of Insurance,**
**State of Missouri, Appellant.**

**No. ED 88144–01.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 2008.

Stephen R. Gleason, St. Louis, for appellant.

Versatile Management Group, pro se, Demitrius Glass, pro se, Florissant, for respondents.

LAWRENCE E. MOONEY, Judge.

This case involves actions taken by the Department of Insurance for the State of Missouri against the licenses of Demitrius Glass and his company, Versatile Management Group, for their violations of the

insurance laws of this state. After a prior decision by this Court, transfer of the cause to the Missouri Supreme Court, and retransfer back to this Court, the matter comes to this writer upon reassignment. In this opinion, we confront a procedural issue, which affects many administrative appeals, and a substantive issue, which primarily affects the parties. First, we must decide who has the duty to file the appellant's brief and bears the burden of proof in certain administrative cases. And secondly, we must decide whether there is substantial and competent evidence to support the administrative decision. As to the first matter, we hold first that when an appeal is taken from a circuit-court judgment reversing an administrative decision, the party aggrieved by the agency decision has the duty to file the appellant's brief and the burden of persuasion before this Court. And as to the second issue, we hold that there is substantial and competent evidence here to support the administrative decision. Therefore we reverse the circuit court's judgment and affirm the administrative decision.

### Factual and Procedural Background

After two clients complained that Mr. Glass and his company had mishandled their insurance-premium payments, the Missouri Director of Insurance refused to renew Mr. Glass's insurance producer license, which authorized Mr. Glass to sell accident and health, life and variable contracts. The Director also denied Mr. Glass's application to have property and casualty added as an authorized line of insurance on his license. Mr. Glass appealed the Director's denials to the Administrative Hearing Commission. The Director responded to the appeal, requesting that the Commission affirm the denials. Additionally, the Director filed a complaint against Mr. Glass, requesting that the Commission find cause to discipline Mr. Glass's license for his violation of the state's insurance laws. The Director alleged that Mr. Glass had received funds intended for insurance-premium payments, but failed to remit the payments to the insurer within thirty days, as required by law—specifically state regulation 20 CSR 700–1.140(2)(D)—leaving two of Mr. Glass's clients without the insurance they paid for. The Director further filed a complaint against Versatile Management Group, requesting that the Commission also find cause to discipline Versatile's business-entity insurance producer license.[1] The Director alleged that because Mr. Glass's actions were done under the name of, and on behalf of Versatile, the company had also violated Missouri insurance laws. At all relevant times, Mr. Glass was the sole owner and sole officer of Versatile Management Group.

The Commission conducted a hearing, at which all parties presented evidence. Following the hearing, the Commission issued its decision, denying Mr. Glass's applications. The Commission further found cause to discipline the licenses of Mr. Glass and Versatile Management Group for their failure to timely remit insurance-premium payments.

The Director then held a disciplinary hearing, at which all parties presented evidence. Following the hearing, the Director revoked the licenses of Mr. Glass and Versatile Management Group.

Mr. Glass and Versatile Management Group filed a petition for review with the Circuit Court, requesting that the court review the Director's decisions. Mr. Glass

---

1. We cannot definitively conclude from the record on appeal the precise nature of Versatile Management Group as a business entity. But the statute provides a business entity may be a corporation, association, partnership, limited liability company, limited liability partnership or other legal entity. Section 375.012.1(1).

and Versatile Management Group alleged that there was not substantial and competent evidence on the record to support the Director's decisions and that the disciplinary action was arbitrary, capricious, and unlawfully imposed.

After a hearing, the circuit court rendered its judgment, reversing the Director's decision. Without explanation, the circuit court ordered the Director to reinstate Mr. Glass's insurance producer's license for accident and health, life and variable contracts. Furthermore, the court ordered the Director to issue Mr. Glass a property and casualty insurance producer license. And, finally, the court also ordered the Director to reinstate Versatile Management Group's business-entity license. The Director responded by filing a notice of appeal with this Court.

Pursuant to Missouri Supreme Court Rule 84.05(e), which sets forth the procedure when a circuit court reverses the decision of an administrative agency, this Court issued an order directing Mr. Glass and Versatile Management Group, as the parties aggrieved by the agency decision, to file the first brief, which they did jointly. The Director, as the party aggrieved by the circuit-court judgment, then followed with his brief, responding to the allegations and arguments raised in the joint initial brief of Mr. Glass and Versatile Management Group. The case was submitted on these briefs, without oral argument before this Court.

In a divided decision, this Court dismissed the Director's appeal. This Court held first that, even though the Director was formally designated as "respondent" on appeal pursuant to Rule 84.05(e), the Director still had the burden of persuading this Court why the circuit court erred in reversing the prior administrative decision. This Court reasoned that because being aggrieved by the circuit court's judgment is the dispositive factor in determining standing before the Court of Appeals, it also determines which party has the burden of persuasion before this Court. Thus, this Court concluded that because the Director was aggrieved by the circuit court's decision, it was the party that must convince this Court either (a) why the circuit court erred; or (b) why the administrative decision was correct. This Court then found that the Director failed to carry his burden because the Director's brief failed to comply with numerous requirements of Rule 84.04, which sets forth the requirements for an appellant's brief. Due to these deficiencies, this Court held that nothing had been preserved for our review. Consequently, this Court dismissed the Director's appeal for failure to comply with the briefing requirements of Rule 84.04.

Following this Court's decision, the Director filed an application to transfer the cause to the Supreme Court of Missouri. The Director argued that this Court's decision regarding the burden of briefing and persuasion on appeal from a circuit-court judgment reviewing the decision of an administrative agency in a contested case was contrary to practice and established precedent, and could not be applied under Rules 84.04 and 84.05.[2]

The Supreme Court, upon the Director's application, ordered the cause transferred

---

2. Obviously, the case here is a "contested case." A "contested case" is defined in the Missouri Administrative Procedure Act as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(4); *Furlong Com-* *panies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions

to the Supreme Court. By its order of August 21, 2007, the Supreme Court retransferred the cause to this Court for reconsideration in light of *State ex rel. Riverside Pipeline Co. v. Public Service Commission,* 165 S.W.3d 152, 155 (Mo. banc 2005).

Upon our further consideration, we now conclude that our prior opinion was in error and issue this opinion.

### Briefing Responsibility

We first address the burdens of briefing and persuasion in this appeal.

Rule 84.05(e), which sets forth procedures for filing briefs in the appellate court where the circuit court reverses the decision of an administrative agency, provides:

> If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. The party aggrieved by the circuit court's decision shall prepare the respondent's brief and serve it in a time otherwise required for the respondent to serve briefs.

In such a procedural posture, all districts of this Court have noted that the party who was aggrieved by the administrative decision is designated as appellant and is to file the appellant's brief on appeal.

*Moto, Inc. v. Board of Adjustment of City of St. Louis,* 88 S.W.3d 96, 99 n. 2 (Mo. App. E.D.2002); *Psychiatric Healthcare Corp. of Missouri v. Department of Social Services,* 100 S.W.3d 891, 898 n. 8 (Mo. App. W.D.2003); *Garrett v. Missouri Dept. of Social Services,* 57 S.W.3d 916, 917 (Mo. App. S.D.2001).

 Granted, at first blush it may seem peculiar to have the last-in-time prevailing party file the first brief and have the burden of persuasion in the appellate court. But the language of the Rule is clear and, when considered in light of this Court's standard of review, logical. On appeal from a judgment of the circuit court reviewing the decision of an administrative agency, this Court reviews the decision of the agency, not the decision of the circuit court. *Missouri Coalition for the Environment v. Herrmann,* 142 S.W.3d 700, 701 (Mo. banc 2004); *Moto,* 88 S.W.3d at 99. We presume that the agency's decision is correct. *Reed v. Missouri Dept. of Social Services, Family Support Div.,* 193 S.W.3d 839, 841 (Mo.App. E.D.2006). And, as is the general rule when a judgment is presumed correct, the burden to show otherwise falls on the party challenging the decision. *See, e.g., Hernandez v. State Bd. of Registration for Healing Arts,* 936 S.W.2d 894, 900 (Mo.App. W.D.1997)(citing *State ex rel. Dyer v. Public Service Comm'n,* 341 S.W.2d 795, 800 (Mo.1960)). If a party, such as the Director here, prevails in his position at the agency level, but then is later unsuccessful at the circuit-court level, it is not his burden to

of law." *Furlong,* 189 S.W.3d at 165. Here, a hearing was held, as required by Section 621.045, which provides, in pertinent part that "[t]he administrative hearing commission shall conduct hearings and make findings of fact and conclusions of law in those cases when, under the law, a license issued by [the Department of Insurance] may be revoked or suspended or when the licensee may be placed on probation ... or when [the Depart-

ment of Insurance] ... refuses to issue or renew a license of an applicant who has passed an examination for licensure or who possesses the qualifications for licensure without examination." Review of decisions in a contested case is controlled by sections 536.100 to 536.140, and is conducted by reviewing the record created before the administrative body. Section 536.140; *Furlong,* 189 S.W.3d at 165.

claim error in an appellant's brief before this Court because, to put it simply, he prevailed at the agency level, which is the decision to be reviewed by this Court.

■ This result is not changed by considerations of which party has standing to appeal. Generally in a civil case, a party must be aggrieved by the lower court's decision from which an appeal is taken, in order to have a right to appeal and have standing in the appellate court. *See, e.g.,* Section 512.020; *Parker v. Swope,* 157 S.W.3d 350, 352-3 (Mo.App. E.D.2005). Here, it is the Director who was aggrieved by the decision of the circuit court, and it was the Director who appealed to this Court, seeking reversal of the circuit court's judgment. In an ordinary civil case, the Director would bear the burden of persuading this Court why the circuit court erred. This, however, is not the ordinary civil case. As explained above, this Court is to review the decision of the administrative agency, not the circuit court. Moreover, the question of standing is entirely distinct from the duty to brief. *State ex rel. Riverside Pipeline Co., L.P. v. Public Service Comm'n,* 165 S.W.3d 152, 155 (Mo. banc 2005). Rule 84.05(e) "pertains only to the determination of which party files its brief first and how the parties are designated." *State ex rel. Riverside Pipeline Co., L.P. v. Public Service Comm'n,* 215 S.W.3d 76, 81 (Mo. banc 2007). As explained by our Missouri Supreme Court, there is "simply no requirement" under Rule 84.05(e) that the party contesting the decision of an administrative agency "be 'aggrieved' in the same way that a party would have to be aggrieved in order to bring an appeal in an ordinary civil case." Riverside, 215 S.W.3d at 81. In other words, there is no requirement that Mr. Glass and Versatile Management Group be "aggrieved" by the

circuit-court judgment for them to bear the burden of briefing and persuasion before this Court.

It may well be that Missouri courts follow an "anomalous procedure" in having appellate courts review an agency decision rather than the circuit court's judgment. Riverside, 165 S.W.3d at 155. Indeed, two anomalies have resulted from the procedural posture of this appeal, which provides that when the circuit court reverses an agency decision, the appellate court reviews the agency decision rather than the circuit-court judgment. First, it imposes the duty to file the first brief on the party prevailing in the circuit court, but because this party prevailed in the circuit court, it has insufficient incentive to effectively prosecute an appeal precisely because the appeal might result in the reversal of the favorable circuit-court judgment and the reinstatement of the adverse agency decision. Second, it leaves the appellate court with insufficient authority to compel the appellant to promptly and professionally prosecute the appeal because the normal remedy—dismissal of the appeal—would reward the appellant by reinstating the circuit court's judgment. But the wording of the Supreme Court Rule is unequivocal. If the circuit court reverses an agency decision, the appellate court reviews the agency decision rather than the circuit-court judgment, and the party aggrieved by the agency decision is to file the appellant's brief. That party likewise bears the burden of persuasion before this Court to show why the administrative decision is in error. Accordingly, Mr. Glass and Versatile Management Group, as the parties aggrieved by the agency decision, had the duty to file their appellants' brief in this Court, which they did. They also have the burden of persuading this Court that the Department erred in its decision.[3]

---

**3.** The Supreme Court could, of course, eliminate these anomalies by shifting the duty to

brief and to prove error to the party that failed to prevail in the circuit court. We note,

■ Although the Director's brief indeed failed to conform to Rule 84.04, his transgressions should not cause the appeal to be dismissed because, as respondent, he was under no duty to file an appellant's brief. In fact, the Director, as respondent, had no duty to file a brief at all. *See, e.g., State ex rel. Neal v. Karl,* 627 S.W.2d 913, 914 (Mo.App. W.D.1982). In sum, our prior opinion was in error because it imposed upon the respondent the duty to file a compliant appellant's brief.

Accordingly, because Mr. Glass and Versatile Management Group, as the parties aggrieved by the agency decision, have the burden of briefing and persuasion in this Court, we shall now consider their contentions on appeal.[4] In essence, they first argue that there was not substantial and competent evidence to support the Director's decisions. And second, they argue that even if there was substantial and competent evidence to support the alleged violations, the Director's disciplinary action of revoking the two licenses is excessive and unprecedented, and therefore arbitrary, capricious, and unlawfully imposed.

### Review of Department's Decision

#### Standard of Review

■ As noted above, our review of this case is of the findings and decision of the administrative agency, not the judgment of the circuit court. *Furlong Companies, Inc. v. City of Kansas City,* 189

S.W.3d 157, 165 (Mo. banc 2006); *Stith v. Lakin,* 129 S.W.3d 912, 916 (Mo.App. S.D. 2004). Our review is limited to a determination of whether the Commission's decision was supported by competent and substantial evidence upon the whole record, whether the decision was arbitrary, capricious or unreasonable, or whether the Commission abused its discretion. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978); *Stith,* 129 S.W.3d at 916–7. We must consider the evidence and all reasonable inferences therefrom, in a light most favorable to the administrative body. *Hermel,* 564 S.W.2d at 894; *Stith,* 129 S.W.3d at 917. In reviewing the Commission's decision, this Court may not determine the weight of the evidence. *Psychare Mgmt., Inc. v. Dept. of Social Servs. Div. of Medical Services,* 980 S.W.2d 311, 312 (Mo. banc 1998); *Stith,* 129 S.W.3d at 917. If the evidence would support either of two opposed findings, we are bound by the administrative determination. *Hermel,* 564 S.W.2d at 894; *Angelos v. State Bd. of Registration for the Healing Arts,* 90 S.W.3d 189, 191 (Mo.App. S.D.2002). Finally, "the determination of witness credibility in a contested case before the Commission is left to the Commission." *Angelos,* 90 S.W.3d at 191.

#### Discussion

■ The Director disciplined the licenses of Mr. Glass and Versatile Manage-

---

however, that other means to eliminate these anomalies are available. For example, the Supreme Court could provide that when a losing party files a notice of appeal from a circuit court's judgment reversing an administrative decision, the circuit court's judgment is automatically vacated. Or the Supreme Court might provide that when an appeal from a circuit-court judgment reversing an administrative decision is dismissed by an appellate court for failure to comply with Rule 84, the appellate court shall vacate the circuit court's judgment.

**4.** We note that Mr. Glass and Versatile Management Group failed to comply with Rule 84.04, which sets out the requirements for an appellant's brief to this Court. Failure to comply constitutes grounds for dismissal. *Gruenert v. Green Park Nursing Home,* 241 S.W.3d 841, 843 (Mo.App. E.D.2007). However, we can discern the gist of their first allegation of error and argument. Thus, we shall review this claim *ex gratia.*

ment Group under Section 375.141.1(2) for their failure to timely remit insurance-premium payments in violation of state insurance regulation, 20 CSR 700–1.140(2)(D). The Director additionally disciplined the license of Versatile Management under Section 375.141.1(4) for improperly withholding the premium payments. The Director denied Mr. Glass's application for license renewal and his application for a producer and casualty license on the same grounds.

Section 375.141.1 empowers the Director to discipline an insurance provider license for certain enumerated causes. The statute also provides that the Director may refuse to issue or renew such a license for those same causes. The statute allows the Director to take action against a license for a violation of any insurance law or regulation, pursuant to Section 375.141.1(2), and for the improper withholding of money received in the course of doing insurance business, pursuant to Section 375.141.1(4). The pertinent insurance regulation mandates that insurance producers are to remit all premium payments associated with a personal insurance policy to those persons entitled to the payments no later than thirty days after the date of receipt, subject to certain exceptions. 20 CSR 700–1.140(2)(D).[5]

We hold that there is substantial and competent evidence in the record to support the Director's decision. The record shows that on two separate instances, Mr. Glass, in the course of doing insurance business, and acting on behalf of Versatile Management Group, received funds intended for insurance-premium payments but, without written agreement authorizing retention of the payments beyond thirty days, failed to remit the payments to the insurer within thirty days, as required by law. As a result, the two individuals involved were without insurance coverage for a period of time.

First, the record shows that on February 10, 2003, Mr. Glass met with Ms. Sonya James and accepted her application and payment on a homeowner's insurance policy with American Modern Homes. Ms. James's check for the premium payment was deposited into the Versatile Management Group business account. Eight months later, in October of 2003, Ms. James had a claim for damaged carpet. She contacted American Modern Homes Insurance Company and discovered that she did not have insurance.

Second, the record reflects that on June 13, 2003, Mr. Glass met with Ms. Veronica Osborne and accepted an application and payment on a homeowner's insurance policy.[6] Ms. Osborne's check for the premium payment was deposited into the Versatile Management Group business account. The record further shows that Mr. Glass

---

**5.** State regulation 20 CSR 700–1.140(2)(D) reads, in whole, as follows:

> Insurance producers shall remit all premium payments associated with a personal insurance policy to those persons entitled to them as soon as is reasonable possible after their receipt by the licensee, but in no event later than thirty (30) days after the date of receipt, provided, however, that premiums may be remitted at a later point in time if the licensee is so authorized under a written agreement between the licensee and the person legally entitled to the premiums. In no event, however, shall a licensee retain premium payments if to do so will result in the failure to obtain or continue coverage on behalf of an insured or prospective insured.

**6.** Mr. Glass held no license to sell the particular types of policies purchased by Ms. James and Ms. Osborne. The Commission found that Mr. Glass did not quote rates or sell the policies to Ms. James and Ms. Osborne. Rather, this was done by Nicole Childress, an employee of Versatile Management Group, who was licensed to sell property and casualty insurance.

did not submit this initial premium payment to the insurance company within thirty days. Ms. Osborne was without insurance coverage from June 13, 2003, until September 3, 2003.

Mr. Glass admits receiving the insurance premium payments and concedes that the payments were deposited into the business account. He further acknowledges that the premium payments were not submitted to the insurance companies.

Based on the foregoing, we hold that there is substantial and competent evidence of a violation of an insurance regulation of this State. Thus, grounds exist upon which the Director may discipline the licenses of Mr. Glass and Versatile Management Group, as well as refuse to renew Mr. Glass's license and refuse to issue him a property and casualty license.

 This, however, does not conclude our discussion. Mr. Glass and Versatile Management Group contend that even if there was substantial and competent evidence to support the alleged violations, the Director's disciplinary action is excessive and unprecedented, and therefore arbitrary, capricious and unlawfully imposed. Their argument here consists solely of the conclusory assertion that "there have been other cases where the offenses were more serious than those alleged here or similar to those in this case, yet denial of licensing was not the discipline imposed." Mr. Glass and Versatile Management Group provide no legal authority to support their assertion, nor further elaboration on their contention. If there is appropriate and available precedent supporting a contention, such authority must be cited or discussed in the argument portion of the brief or a rationale must be advanced explaining why such authority is unavailable. *In re Marriage of Fritz,* 243 S.W.3d 484, 488 (Mo.App. E.D.2007). Further, an appellant must develop their contention in the argument section of the brief. "An argument must explain why, in the context of the case, the law supports the claim of reversible error." *Id.* at 487. It should show how the principles of law and the facts of the case interact. *Id.* If a party fails to support a contention with relevant authority or argument beyond conclusory statements, the point is considered abandoned. *Id.; Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo. App. E.D.1996). By failing to support their contention with relevant legal authority, or explaining the failure to do so, and by failing to develop any argument beyond conclusions, Mr. Glass and Versatile Management Group have abandoned their contention that the Director's disciplinary action was arbitrary and capricious. The deficiencies here are so substantial that any meaningful review would be based on speculation and would place us in the position of becoming an advocate for Mr. Glass and his company. This we may not do.

### Conclusion

To conclude, Mr. Glass and Versatile Management Group, as the parties aggrieved by the administrative agency decision, bore the burden of briefing and persuasion in this Court. We hold that there is substantial and competent evidence to support the Director's decision refusing to renew Mr. Glass's insurance producer license, denying Mr. Glass's request for a property and casualty insurance producer license, and ultimately disciplining Mr. Glass's insurance producer license as well as Versatile Management Group's business-entity insurance producer license. Lastly, because they failed to develop any argument on the issue, or cite relevant legal authority, Mr. Glass and Versatile Management have abandoned their contention that the Director's revocation of their license is arbitrary and capricious.

**236**

Accordingly, we reverse the judgment of the circuit court. We affirm the decision of the Commission. We remand the cause to the circuit court with directions to reinstate the Commission's decision.

GLENN A. NORTON, P.J., concurs.

KENNETH M. ROMINES, J., dissents in separate opinion.

ROMINES, Judge, dissenting.

I dissent. With this opinion we exalt an anomaly in the Rules and ignore a circuit court judgment. We do so by failing to comply with the simple words of § 536.140.6, RSMo. (2000): *Appeals may be taken from the judgment of the court as in other civil cases.*

The majority fairly sets out the procedural posture which blushes "peculiar," and fairly describes the utter failure of the Director's brief to comply with the Rules. Indeed the Director's brief is nothing more than a sounding brass of "There was substantial evidence," unattended by facts or law—a meaningless conclusion. The majority further sets out several ways by which rule 84.05(e) and *State ex rel. Riverside Pipeline Co. v. Public Serv. Comm'n*, 165 S.W.3d 152 (Mo. banc 2005), would no longer be anomalous.

It appears to me that statutory language that says "as in other civil cases," means "as in other civil cases." As such, the Director had an obligation to point out the error of law made by the circuit court, and the *burden of persuasion* before this Court. Indeed there is nothing in Rule 84.05(e) that says otherwise, parse and assume as we might. Thousands of cases *per day* are appealed to the circuit courts of this state pursuant to § 536.100, RSMo. (2000)—Rule 84.05(e) and judicial rule make this a meaningless way-stop if a circuit court judgment is ignored. Helpfully though, we make sure in our decretal language that we reverse the circuit court. The unending hours of docketing, motions, and hearings before the circuit courts are but legal ululation if the cant is "we review the action of the agency." The judgment of the circuit court below in this case found for Mr. Glass and his company—today because of an "anomalous" rule, Mr. Glass is out of business.