313 S.W.3d 188 (2010)
Joan DAMBACH as substituted party for Alice Barone, Appellant,
v.
DEPARTMENT OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION, Respondent.
No. ED 92942.
Missouri Court of Appeals, Eastern District, Division Three.
June 8, 2010.
*189 A. Melissia Riddle, Chesterfield, MO, for Appellant.
Gregory S. Young, Cape Girardeau, MO, for Respondent.

OPINION
GLENN A. NORTON, Presiding Judge.
Joan Dambach ("Daughter"), as substituted party for Alice Barone ("Claimant"), appeals the decision of the Missouri Department of Social Services, Family Support Division (the "Division"), as affirmed by the circuit court, rejecting Claimant's application for Medical Assistance Vendor ("Medicaid") benefits. We reverse and remand.

I. BACKGROUND
Following a fall at the age of 89, Claimant was discharged from a rehabilitation center into the care of Daughter. Claimant's health care providers informed Daughter that due to Claimant's numerous health problems she could not continue to live alone. Claimant was unable to cook for herself, bathe herself, feed herself, use the restroom unassisted, or ambulate without assistance. In addition to her physical limitations, Claimant was diagnosed with Alzheimer's disease and depression.
At the time Claimant was discharged into Daughter's care, Daughter and her husband relied on Daughter's income and could not afford for her to quit work in order to care for Claimant. Daughter explained this to Claimant. Claimant, however, *190 threatened to commit suicide if she were placed in a nursing facility. Claimant told Daughter she would rather pay Daughter to live in her home than to pay a nursing home. Daughter decided to quit her job and provide personal care and support for Claimant. Daughter and Claimant orally agreed that Daughter could use Claimant's money to help Daughter afford to take Claimant into her home. Upon moving in with Daughter, Claimant gave Daughter power of attorney over her finances.
Daughter charged Claimant a daily rate for room, board, personal care, meals and transportation. The rate charged by Daughter was far below the daily rate for skilled nursing care. Daughter hired an attorney to prepare legal documents entitled "Statements [of] Services Rendered" enumerating the services Daughter provided to Claimant from August 2005 through October 2006. Daughter, as Claimant's power of attorney, wrote checks to herself from Claimant's assets in payment of the Statements of Services Rendered. Claimant paid Daughter a total of $14,550 for services provided from March through October 2006. Daughter reported all the income received from Claimant on her 2006 tax returns.
On October 25, 2006, Claimant suffered another fall and was admitted to the hospital. Thereafter, Claimant was admitted to a nursing home. Claimant was on private pay at the nursing facility until her funds reached below $999.00, at which point an application for Medicaid was submitted. Claimant's application was rejected on the basis that Claimant had made a transfer of $14,550 to Daughter for personal care services rendered between March 2, 2006, and October 2, 2006. As a result of this transfer, the Division determined Claimant was ineligible for Medicaid through June 20, 2007. Following a hearing, the Director of the Division issued a decision affirming the rejection of Claimant's application on the basis that the transfer of assets to Daughter was made without fair and valuable consideration.
On February 18, 2008, Claimant died and Daughter was substituted in this action. The circuit court affirmed the decision of the Division and this appeal followed.

II. DISCUSSION
In her sole point relied on, Daughter argues the Division erred in finding Claimant's transfer of assets to Daughter in exchange for personal care services rendered her ineligible for Medicaid assistance. We agree.

A. Standard of Review and Relevant Law
On appeal from the judgment of the circuit court affirming an administrative agency's ruling, we review the decision of the agency. Versatile Management Group v. Finke, 252 S.W.3d 227, 231 (Mo. App. E.D.2008). Our review is governed by section 536.140.2 RSMo 2000 and is limited to a determination of whether the agency's decision:
(1) Is in violation of constitutional provisions;
(2) Is in excess of the statutory authority or jurisdiction of the agency;
(3) Is unsupported by competent and substantial evidence upon the whole record;
(4) Is, for any other reason, unauthorized by law;
(5) Is made upon unlawful procedure or without a fair trial;
(6) Is arbitrary, capricious or unreasonable; [or]
(7) Involves an abuse of discretion.
*191 We examine the whole record to determine whether there is sufficient evidence to support the decision. Department of Social Services v. Senior Citizens Nursing Home District of Ray County, 224 S.W.3d 1, 6 (Mo.App. W.D.2007). We must examine the record in the light most favorable to the Division's decision and disregard evidence that might support findings different from those of the Division. Reed v. Missouri Department of Social Services, Family Support Division, 193 S.W.3d 839, 841 (Mo.App. E.D.2006). "However, when the agency decision involves the interpretation of law and application of the law to undisputed facts, the court must form its own independent conclusions, and is not bound by the interpretation of the agency." Id.
Congress established the Medicaid program as Title XIX of the Social Security Act, 42 U.S.C. 1396 et seq.[1] Both Federal and Missouri law provide for coverage for long term nursing facility care. 42 U.S.C. Section 1396a; Section 208.151.1 RSMo Supp.2007. Federal law, however, mandates the denial of Medicaid coverage to applicants who, within 36 months of filing their Medicaid application, "dispose of assets for less than fair market value." 42 U.S.C. Section 1396p(c)(1)(A). While an improper transfer of assets within the three year period raises a statutory presumption of ineligibility, federal law provides that an applicant may rebut this presumption upon a satisfactory showing that:
(i) the individual intended to dispose of the assets either at fair market value, or for other valuable consideration,
(ii) the assets were transferred exclusively for a purpose other than to qualify for medical assistance, or
(iii) all assets transferred for less than fair market value have been returned to the individual.
42 U.S.C. Section 1396p(c)(2)(C).

B. The Division's Decision to Reject Claimant's Application for Medicaid was Unsupported by Competent and Substantial Evidence
In affirming the rejection of Claimant's application for Medicaid, the Division concluded Claimant failed to meet her burden of showing, by satisfactory evidence, that she intended to dispose of the assets transferred to Daughter either at fair market value or for other valuable consideration. We find this conclusion is unsupported by competent and substantial evidence.
At the administrative hearing in this matter, the Division explained that the sole reason for the denial of Claimant's Medicaid application was that Claimant and Daughter did not enter into a written agreement for the provision of personal care services. However, at the time Claimant submitted her application for Medicaid, there was no legal requirement that an applicant relying on the existence of a "personal care contract" to rebut the presumption of ineligibility must prove such a contract through a writing.[2] Instead, the federal statute required a consideration of the applicant's intent in transferring assets during the three year look-back period. Specifically, the statute *192 stated a Medicaid applicant can rebut the presumption of ineligibility that arises due to a transfer of assets by establishing that she "intended to dispose of the assets either at fair market value, or for other valuable consideration." 42 U.S.C. Section 1396p(c)(2)(C)(i). Thus, we hold it was sufficient for Claimant to establish that she intended to dispose of her assets for valuable consideration by showing she had an oral agreement with Daughter under which Claimant agreed to make monetary payments to Daughter in consideration for Daughter's provision of personal care services. The evidence clearly established such an agreement existed.
Specifically, the evidence showed Claimant told Daughter she would rather pay Daughter to live with her than to move into a nursing home. The evidence also showed that Claimant instructed Daughter to "use whatever money [Claimant] had" to pay Daughter for providing her room, board and personal care. There was no dispute among the parties that Daughter provided Claimant personal care services enumerated in monthly statements of services rendered. It was also undisputed that Daughter initially charged Claimant $75 per day and later charged Claimant $50 per day for her services. Moreover, Daughter provided as evidence her federal income tax returns which showed that she reported the payments she received in exchange for the care she provided to Claimant as income.
In fact, based upon this evidence, the Division found that "Daughter and Claimant verbally agreed that Daughter could use Claimant's money to help Daughter afford to take Claimant into Daughter's home." The Division also found that "from August 2005 through October 25, 2006, Daughter permitted Claimant to live in her home and provided her extensive personal care services." Yet, the Division concluded that there was "insufficient evidence that Claimant and Daughter had a definite and specific agreement" and therefore Claimant did not establish she transferred her assets to Daughter for fair and valuable consideration.
The federal statute governing transfers of assets focuses on the claimant's intent. See 42 U.S.C. Section 1396p(c)(2)(C)(i). In this case, the Division specifically found an oral agreement existed between Claimant and Daughter under which Daughter would provide care to Claimant for far less than it would cost to Claimant to live in a nursing home. In accordance with the Division's findings and the evidence set forth above, we must conclude that Claimant intended to dispose of her assets for fair and valuable consideration and furthermore that she in fact received fair and valuable consideration for the payments made to Daughter. Accordingly, the Division erred in rejecting Claimant's application for Medicaid assistance benefits. Point granted.

III. CONCLUSION
Claimant established that she intended to dispose of her assets for fair and valuable consideration, and therefore the circuit court erred in affirming the Division's decision to reject Claimant's application for Medicaid benefits. Accordingly, we reverse and remand to the Division with instructions to enter a decision granting Claimant's application for benefits.
MARY K. HOFF and LAWRENCE E. MOONEY, JJ., concur.
NOTES
[1] All federal statutory references are to the law in effect on January 31, 2007, the date Claimant submitted her application for Medicaid assistance.
[2] We note that the Missouri legislature recently enacted a new statute requiring persons who are relying on the existence of a "personal care contract" to rebut the presumption of ineligibility to prove such a contract through a writing. Section 208.213.1 RSMo Supp. 2008. Nevertheless, this requirement did not exist at the time Claimant filed her application for Medicaid.