

# Missouri Court of Appeals

## Southern District

### Division One

KIMBERLY L. WALDNER,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff-Respondent,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　No. SD37335
　　　　　　　　　　　　　　　　　　　)
DEXTER R-XI SCHOOL DISTRICT,　　　)　　　**Filed:  July 5, 2022**
　　　　　　　　　　　　　　　　　　　)
　　　Defendant-Appellant.　　　　　　　)

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Christina L. Kime

**REVERSED AND REMANDED WITH DIRECTIONS**

The Dexter R-XI Board of Education ("the Board") upheld the termination of
Kimberly L. Waldner's ("Teacher") teaching contract after conducting an evidentiary
hearing.  Teacher appealed her termination to the circuit court.  After reviewing the
administrative-hearing record, the circuit court reversed the decision of the Board and
ordered Teacher's reinstatement.  The Board now appeals the judgment of the circuit
court.

The procedure for this appeal is governed by Rule 84.05(e), which provides that if
the circuit court reverses a decision of an administrative agency, we review the decision

1

of the agency, not the decision of the circuit court.[1]  "In such a procedural posture, all districts of this Court have noted that the party who was aggrieved by the administrative decision [here, Teacher] is designated as [the] appellant and is to file the appellant's brief on appeal." *Versatile Mgmt. Grp. v. Finke*, 252 S.W.3d 227, 231 (Mo. App. E.D. 2008). In this case, that change is critical as we presume the agency decision is correct, and "the burden to show otherwise falls on the party challenging the decision." *Id.*

Teacher, acting *pro se*, presents nine points for review.  Because significant deficiencies in Teacher's brief materially impede impartial review, the presumed-correct decision of the Board must be affirmed, and we accordingly reverse the judgment of the circuit court.

## Analysis

Rule 84.04 sets forth the requirements for appellate briefing, and compliance with those requirements is mandatory.  *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022).  Failure to comply with the briefing rules is grounds for dismissing an appeal.  *Id.* The same rules apply to *pro se* appellants as to those represented by attorneys.  *Freeland v. Div. of Emp. Sec.*, No. WD 84955, 2022 WL 2032268, at *3 (Mo. App. W.D. June 7, 2022).

The following summary notes the most significant deficiencies in Teacher's brief.

*Teacher's points do not comply with Rule 84.04(d)(2).*

The appellant's points relied on are central to the formation of a brief.  *Lexow*, 643 S.W.3d at 505.  Those points give notice to the opposing party of the precise matters in contention and inform the court of the issues presented.  *Id.*  "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to

---

[1] All rule references are to Missouri Court Rules (2021).

discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id.*

To that end, Rule 84.04(d)(2) requires that each point relied on:

(A) Identify the administrative ruling or action the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

All of Teacher's points are non-compliant with these requirements. As an example, Teacher's first point claims (among many other things) that

[the Board] errored [sic] in entering and fail[ing] to support with substantial and competent evidence the Board[']s "Findings of facts and Conclusions of law" and "Decision", of July 22nd, '21 in the termination of 22-year tenured [Teacher] under statute: "**168.114.1. (4)** *"Willful or Persistent"* violation of, or failure to obey, the school laws of the state or the published regulations of [the Board] employing her;.", **by "willfully" and "Persistently" violating Student Policy 2640**.

Teacher's first point, as all that follow, does not comply with the form set forth in Rule 84.04(d)(2), and it does not state the legal reason why the claimed error requires reversal in light of the facts of this case. It also, like the others, fails to provide a list, not to exceed four, of the constitutional, statutory, regulatory, or other legal authority that supports the point. *See* Rule 84.04(d)(5).

Further, while we have excerpted what we believe to be the crux of Teacher's first point, that point continues on for another 15 *pages*, and it includes the standard of review, the Board's findings of facts and conclusions of law, and presents a raft of other

3

purported "facts" that are not supported by any citation to the record on appeal. Points two through nine are similarly verbose, resulting in a points-relied-on section that totals 75 pages of Teacher's brief. Any attempt to sift through Teacher's points on appeal to determine suitable legal reasons that might support Teacher's position would require this court to inappropriately abandon its duty of impartiality and act instead as Teacher's advocate. This we cannot do. *Lexow*, 643 S.W.3d at 509.

*Teacher's brief fails to provide citations to the record*

> Compliance with the portion of the appellate briefing rule governing references to the record "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record[ ]"; reviewing authority may not become an advocate for the non-complying party on appeal.

*Underwood v. High Rd. Indus., LLC*, 369 S.W.3d 59, 67 n.4 (Mo. App. S.D. 2012) (quoting *State v. Hardin*, 229 S.W.3d 211, 215 (Mo. App. W.D. 2007)).

Last, but certainly not least, Teacher's brief provides few citations to the record on appeal, a violation of Rules 84.04(c) and (e). That failure makes it impossible to determine whether the "facts" set forth in Teacher's brief are taken from the evidence adduced at the administrative hearing. This omission alone is fatal; we are not permitted to seine the record in an attempt to locate evidence that might support a party's argument. *Underwood*, 369 S.W.3d at 67 n.4. As a result of these significant deficiencies, Teacher's non-compliant brief preserves nothing for our review. *Lexow*, 643 S.W.3d at 509-10.

## Conclusion

Teacher, as the party aggrieved by the Board's presumed-correct decision, bore the burden of demonstrating on appeal that the Board committed reversible error.

*Versatile Mgmt. Grp.*, 252 S.W.3d at 235.  The deficiencies in Teacher's brief are "so substantial that any meaningful review would be based on speculation and would place us in the position of becoming an advocate for [Teacher].  This we may not do." *Id.*

The judgment of the circuit court is reversed, the cause is remanded, and the circuit court is directed to enter an amended judgment that affirms the Board's decision upholding the District's termination of Teacher's contract.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS