Noah E. **KILLION**, et al., Respondents,

v.

**BANK MIDWEST, N.A., f/k/a Community Bank, N.A., Appellant.**

No. WD 49069.

Missouri Court of Appeals, Western District.

Aug. 2, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1994.

Application to Transfer Denied Nov. 22, 1994.

---

William Youngs Frick, Kirksville, for appellant.

J. Christopher Spangler, Sedalia, for respondents.

Before FENNER, P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Bank Midwest, formerly known as Community Bank, (Bank) appeals the judgment of the trial court granting summary judgment in favor of respondents, Noah E. Killion, et al. (Killions).

This action arises from a promissory note, dated June 8, 1988, pursuant to which the Killions borrowed $345,000 from the Bank. The Killions were engaged in a farming operation and the note was secured by a deed of trust on the Killions' 643 acre farm. A dispute arose between the parties in regard to certain terms of the note and deed of trust. On March 2, 1993, the Killions filed suit against the Bank seeking declaratory judgment under count I and damages under count II.

In count I, the Killions sought a declaration that certain provisions in the note and deed of trust were invalid and unenforceable. The Killions filed a motion for summary judgment as to count I. The motion was sustained by the trial court upon the court finding that a contingent interest provision in the note was unenforceable and invalid as being in violation of 4 C.S.R. 140–6.050.[1] The trial court also found that there was no just reason for delay in obtaining appellate relief in accordance with Rule 74.01(b).

On appeal, the Bank argues that the trial court erred in granting summary judgment. The Bank argues that 4 C.S.R. 140–6.050 is not controlling and that it is entitled to collect contingent interest as agreed between the parties.

The trial court is correct in entering a summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Kirk v. Mercy Hosp. Tri–County*, 851 S.W.2d 617, 618–19 (Mo.App.1993); Rule 74.04(c)(3). The facts relevant to this appeal are not in dispute. The question here is one of law.

■ The contingent interest provision of the note in question provides as follows:

2.1 CONTINGENT INTEREST. Upon the sale of all the real property which secures this note, as additional interest, Borrowers shall pay to the Holder the lesser of: (a) $90,000.00; or (b) 40.0% of that sum by which the gross sales price of the property exceeds: 1) the outstanding principal balance of this loan on the date of sale if sold prior to the Maturity Date, or 2) the outstanding principal balance due on the Maturity Date if sold after the Maturity Date. The Holder shall not be required to release its deed of trust which secures this note until a sale has determined the amount to be paid under this paragraph and that amount has been paid to the Holder. Borrowers hereby grant to Holder a first right of refusal to purchase the described tracts on the same price and terms, net of brokerage commissions, as are offered by any independent, willing, and able purchaser who extends to Borrowers a firm offer to purchase which is acceptable to Borrowers.

The note further required that the property securing the note was to be sold within ten years of the date of execution of the note in order to determine the amount of contingent interest due.

At the time the note was executed, the Bank was a state banking institution and subject to Missouri Banking Regulations. The trial court found that the contingent interest provision of the note was in violation of 4 C.S.R. 140–6.050, which provides as follows:

PURPOSE: The legal separation of deposit taking from investment banking prevents banks from investing in the stock of other corporations. It has also raised a question whether banks can contract to receive additional interest or stock purchase warrants from a borrower contingent upon the success of the borrower's business. This rule autho-

---

1. 4 C.S.R. is a regulation of the Director of the Missouri Division of Finance, enacted pursuant to the Director's rule making authority under section 361.105, RSMo 1986.

rizes contract provisions to receive additional interest or stock purchase warrants from the borrower contingent upon the success of the borrower's business. Further, it permits a new business to negotiate a loan agreement with a commercial bank which may substantially reduce interest expense in the early years until a date when the business is more established.

(1) A bank may contract to receive additional interest on any loan for business purposes contingent only upon the profitability and successful operation of the business receiving the proceeds of the loan. In no event shall the repayment of principal be subject to any contingency.

(2) A bank may contract to receive stock purchase warrants in lieu of part of the interest on any loan. The bank, however, may not use these warrants to purchase the stock of any private corporation.

■ Duly promulgated rules of a state administrative agency have the force and effect of law. *State ex rel. City of Springfield v. Public Service Comm'n,* 812 S.W.2d 827, 831 (Mo.App.1991). In construing laws, the primary rule is to ascertain the legislative intent from the words used, considering the words used in their plain and ordinary meaning. *Brownstein v. Rhomberg–Haglin & Associates, Inc.,* 824 S.W.2d 13, 15 (Mo. banc 1992). Furthermore, in construing laws the express mention of one thing implies the exclusion of another. *Harrison v. MFA Mutual Ins. Co.,* 607 S.W.2d 137, 146 (Mo. banc 1980).

■ In accordance with 4 C.S.R. 140–6.050, contingent interest is permissible under state banking regulations only if the contingency relates to profitability and successful operation of a business entity. Contingent interest not related to profitability or success is not permitted by the language of the regulation. In the case at bar, the contingency did not relate to profitability or success of the Killions' farming business. Rather, the contingency related solely to the sale price of the property securing the note and the balance due on the loan. Therefore, the contingency provision of the note in ques-

tion was not in compliance with the plain language of 4 C.S.R. 140–6.050.

■ Nonetheless, the Bank argues that the interest charged pursuant to the contingent interest provision of the note in question here was permissible under section 408.035, RSMo 1986. The Bank seems to be arguing that 4 C.S.R. 140–6.050 is in conflict with section 408.035, RSMo 1986, and therefore, is not applicable.

The note in question was agreed to in June of 1988 and there is no dispute between the parties that section 408.035, RSMo 1986, (since amended), is the effective statute herein. Section 408.035, RSMo 1986, provides as follows:

Notwithstanding the provisions of section 408.030, it is lawful for the parties to agree in writing to any rate of interest in connection with any:

(1) Loan to a corporation;

(2) Business loan of five thousand dollars or more;

(3) Real estate loan, other than residential real estate loans and loans of less than five thousand dollars secured by real estate used for an agricultural activity;

(4) Loan of five thousand dollars or more secured solely by certificates of stock, bonds, bills of exchange, certificates of deposit, warehouse receipts, or bills of lading pledged as collateral for the repayment of such loans.

Section 408.030, RSMo 1986, provides that parties can agree to a maximum rate of interest in the amount of 10% or the market rate, whichever is greater. Section 408.030, RSMo 1986, is not relevant here because the loan in the case at bar was a loan in excess of $5,000 secured by real estate used for agricultural activity as referenced under section 408.035(3), RSMo 1986, which allows unlimited interest on such a loan. However, the fact that there was no limitation on the amount of interest to which the parties could agree does not speak to the other terms and conditions allowed, such as contingent interest. In other words, the fact that the Bank was free to charge whatever rate of interest could be agreed between the parties, as pro-

vided by section 408.035, RSMo 1986, did not entitle the Bank to ignore the limitation of 4 C.S.R. 140–6.050 in regard to contingent interest.

■ Administrative regulations are invalid if inconsistent with the laws of the state. § 361.105, RSMo Supp.1993. However, 4 C.S.R. 140–6.050 is not inconsistent with section 408.035, RSMo 1986. Section 408.035, RSMo 1986, does not address contingent interest. 4 C.S.R. 140–6.050 does address contingent interest and limits its application to profitability and the successful operation of a business. 4 C.S.R. 140–6.050 is not in conflict with section 408.035, RSMo 1986. 4 C.S.R. 140–6.050 limits the terms and conditions under which contingent interest is allowed.[2]

■ The Bank argues further under its first point that even if the contingent interest provision is in violation of 4 C.S.R. 140–6.050, the regulation is designed solely for the governance of banks and not for consumer protection. Therefore, the Bank argues that violation of 4 C.S.R. 140–6.050 is no defense to the Killions in regard to their obligation to pay contingent interest.

In support of this argument, the Bank cites cases holding that a borrower may not avoid repayment of an amount loaned by arguing that the amount loaned was in excess of the lender's loan limit. *Brown v. Stotts City Bank*, 327 Mo. 747, 38 S.W.2d 722, 725 (Mo. banc 1931) (cited with approval in *Labor Discount Center v. State Bank & Trust Company*, 526 S.W.2d 407, 422 (Mo.App.1975)). In *Brown*, the Missouri Supreme Court reasoned that the "loan limit" statute was enacted to protect the bank and its depositors and not the borrower who benefitted from the bank's violation of the statute. *Brown*, 38 S.W.2d at 725. The current "loan limit" statute is section 362.170, RSMo 1986, which limits the amount a bank can loan to an individual, partnership or corporation in relation to the bank's unimpaired capital.

■ The purpose of 4 C.S.R. 140–6.050 is not the same as that of section 362.170, RSMo 1986. 4 C.S.R. 140–6.050 is more analogous to usury laws which are designed to protect consumers. When usurious interest is part of an agreement, the usury invalidates that part of the agreement which provides for illegal interest, and only the actual debt and legal interest are recoverable. *Anderson v. Curls*, 309 S.W.2d 692, 696 (Mo. App.1958). Accordingly, we hold that 4 C.S.R. 140–6.050 is not inconsistent with section 408.035, RSMo 1986, and when contingent interest is charged in violation of 4 C.S.R. 140–6.050, only the actual debt and legal interest, either as agreed by the parties or, in the absence of agreement, by operation of law, are recoverable.[3]

The Killions were entitled to summary judgment declaring the contingent interest

---

2. Section 408.035 was amended by the legislature in 1992. The current law, section 408.035, RSMo Supp.1993, provides as follows:
   *Notwithstanding the provisions of any other law to the contrary*, it is lawful for the parties to agree in writing to any rate of interest, fees, and other terms and conditions in connection with any:
   (1) Loan to a corporation;
   (2) Business loan of five thousand dollars or more;
   (3) Real estate loan, other than residential real estate loans and loans of less than five thousand dollars secured by real estate used for an agricultural activity; or
   (4) Loan of five thousand dollars or more secured solely by certificates of stock, bonds, bills of exchange, certificates of deposit, warehouse receipts, or bills of lading pledged as collateral for the repayment of such loans (emphasis added).
   As stated above, since administrative rules are invalid if inconsistent with the laws of the state

(section 361.105, RSMo Supp.1993) the current language of section 408.035, RSMo Supp.1993, would appear to be in conflict with and therefore supersede 4 C.S.R. 140–6.050. Section 408.035, RSMo Supp.1993, provides that notwithstanding the provisions of any other law to the contrary, such as 4 C.S.R. 140–6.050, parties can agree in writing to any terms and conditions in regard to the loans listed.

3. The Bank raises two other points that relate to dictum in the trial court's judgment where the trial court expressed reservation about the validity of the contingent interest provision of the note on other grounds. The Bank argues that these questions need to be addressed in the interest of judicial economy to correct erroneous opinions of the trial court which the court would impose on remand. Since we affirm the judgment of the trial court granting summary judgment on behalf of the Killions, there is no remand and no need to address the additional issues raised.

provision of the note invalid and unenforceable.

Judgment affirmed.

All concur.