**MISSOURI COALITION FOR THE ENVIRONMENT, et al., Appellants,**

v.

**Thomas A. HERRMANN, et al., Respondents.**

No. SC 85696.

Supreme Court of Missouri, En Banc.

July 1, 2004.

Kathleen G. Henry, Bruce A. Morrison, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Shelley A. Woods, Assistant Attorney General, Jefferson City, Aaron P. Avila, Eileen T. McDonough, Environment & Natural Resources Division, U.S. Department of Justice, Washington, D.C., for respondents.

Stephen G. Jeffery, St. Louis, for amicus curiae Associated Industries of Missouri Regulatory Environmental Group for Missouri.

Robert J. Brundage, Jefferson City, for amicus curiae Premium Standard Farms, Inc. and Contigroup Companies, Inc.

PER CURIAM.[1]

The United States Army received a five-year Missouri State Operating Permit (MSOP) in 1995 to discharge wastewater into rivers and streams near Fort Leonard

---

1. This Court transferred this case after opinion by the Court of Appeals, Eastern District, authored by the Honorable Mary R. Russell. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

Wood.[2] As the permit's expiration date approached, the Army requested modifications of its permit from the department of natural resources. The modifications issued, signed by appointees of the department's director.

The Missouri Coalition for the Environment and others (the coalition) filed an appeal with the Missouri Clean Water Commission. The commission dismissed the appeal because it lacked subject matter jurisdiction to hear the appeal. The circuit court agreed and entered judgment accordingly. The coalition appeals.

The commission has subject matter jurisdiction of the appeal. To the extent *Craven v. State ex rel. Premium Standard Farms, Inc.,* 19 S.W.3d 160 (Mo.App.2000), is to the contrary, it is overruled. The judgment is reversed, and the case is remanded.

### Issue

The coalition argues that the commission erred in dismissing its appeal of the issuance of the permit modifications to Fort Leonard Wood upon the ground that the director had no authority to issue the permit. It claims that the director had authority to issue or deny MSOPs and that section 640.010[3] confers upon the commission jurisdiction to hear appeals from their issuance or denial.

### Standard of Review

▆ In an appeal following judicial review of an administrative agency's decision, the appellate court reviews the agen-cy's decision, not the court's judgment, and decides questions of law de novo. *McGhee v. Dixon,* 973 S.W.2d 847, 848 (Mo. banc 1998). Whether an agency possesses subject matter jurisdiction is a question of law as such jurisdiction is controlled by statute. *See Soars v. Soars–Lovelace, Inc.,* 346 Mo. 710, 142 S.W.2d 866, 871 (1940).

### Transfer of Clean Water Commission

In 1972, the state enacted a clean water law, which is now codified in chapter 644. This law contained a position of executive secretary of the clean water commission. In 1974, the Omnibus State Reorganization Act of 1974 (OSRA) was enacted. Section 10 of OSRA (now section 640.010) transferred the commission to the department of natural resources by type II transfer. *Section 640.010.3.*

Under this transfer type, a director of the department of natural resources was to supervise the transferred entity. *OSRA section 1.7(b),* appendix B, RSMo vol. 15. Such supervision included abolition of positions and allocation and reallocation of duties, functions and personnel. *Id.* In addition, the director was authorized to establish the internal organization of the department and allocate and reallocate duties and functions to promote economic and efficient administration and operation of the department. *OSRA section 1.5(2),* appendix B, RSMo vol. 15.

Exercising the authority conferred by OSRA, the position of executive secretary of the clean water commission was abolished. *Department of Natural Resources*

---

**2.** MSOP is another name for a National Pollutant Discharge Elimination System ("NPDES") permit issued in this state. *See Scott Tie Co. v. Mo. Clean Water Comm'n,* 972 S.W.2d 580, 582 (Mo.App.1998). Federal and state laws require these permits for discharging water with any amount of contamination, and they establish limits on pollutant amounts discharged into waters of the state. *Id. See Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 14–16 (Mo. banc 2003) (overview of federal Clean Water Act and discussion of NPDES permits).

**3.** All statutory references are to RSMo 1994 unless otherwise indicated.

*Departmental Plan,* appendix C(1), RSMo 1978, vol. 5, p. 4901. The department director appoints a staff director for the clean water commission. *Id.* Similarly, the department director appoints a director of the division of environmental quality. That division "performs all statutory functions" of the clean water commission. *Id.* The staff director and division director both approved the permits at issue in this case. Through the reorganization process, the executive secretary of the clean water commission was replaced for purposes of chapter 644.[4]

### Appeal of Director Decisions

Section 640.010 sets out the duties of the director of the department of natural resources. The director is in charge of the department and coordinates and supervises all staff and other personnel within the department of natural resources. Mo. Const. article IV, section 47; *section 640.010.1.* The director appoints a director of staff to the clean water commission. *Section 640.010.2.* Decisions of the director are subject to appeal to the commission. *Section 640.010.1.*

 As to the permits in this case, those approving the permits did so as representatives of the director. As such, the decisions are the director's, subject to appeal. *Id.* Section 644.051.6 grants those denied a permit the right to appeal to the commission, and any person with an interest that is or may be adversely affected by a permit decision is permitted to appeal to the commission by *10 CSR 20–6.020(5)(C).*[5] Section 644.051.6 does not limit the right of appeal to the commission solely to those

denied a permit, and 10 CSR 20–6.020(5)(C) is not in conflict. *See State ex rel. State v. Riley,* 992 S.W.2d 195, 196 (Mo. banc 1999). Therefore, the commission has subject matter jurisdiction to hear the coalition's appeal.

The judgment is reversed, and the case is remanded.

All concur.

---

4. The agency decisions in this case are predicated on the statutes in effect at the time the permits were issued. The statutes have subsequently been changed to clarify that the director of the department of natural resources has authority to issue the permits. *See, e.g., section 644.051.3., RSMo 2000.*

5. 10 CSR 20–6.020(5)(C) is authorized by section 644.026(1) and (8). *24 Mo. Reg. 407 (Feb. 1, 1999).*