**William Leroy MCCLENEY,**
**Petitioner–Respondent,**

v.

**Paula NEESE, Director of Children's Division, Department of Social Services, State of Missouri, Respondent–Appellant.**

**No. SD 29183.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 6, 2009.

Sarah E. Ledgerwood, Jefferson City, MO, for Appellant.

Christopher J. Swatosh, Ava, MO, for Respondent.

Before LYNCH, C.J., PARRISH, J., RAHMEYER, J., and BURRELL, P.J.

PER CURIAM.

In September 2006, the Children's Division (the "Division") of the Department of Social Services recommended revocation of the "foster/adoptive home license" of Wil-liam McCleney ("Claimant"). Claimant requested an administrative hearing to challenge the revocation pursuant to 13 C.S.R. § 35–60.010(2)(A).[1] Following a hearing, the Director of the Children's Division (the "Director") issued a decision affirming the revocation of Claimant's license. Claimant then filed a petition for judicial review of the Director's decision in the Circuit Court of Douglas County pursuant to §§ 210.526, RSMo 2000 and 536.110, RSMo Cum.Supp. 2006.[2] On review, the circuit court reversed the Director's decision. As the party aggrieved by that decision, the Director filed a notice of appeal to this Court. Because Claimant has failed to provide this Court with any indication that the Director's decision was erroneous, we reverse the judgment of the circuit court and order the Director's decision reinstated.

 Where an appeal is taken from a decision of the circuit court following its judicial review of an administrative agency decision in a contested case,[3] this Court reviews the decision of the agency; not the decision of the circuit court. *Missouri Coalition for the Env't v. Herrmann*, 142 S.W.3d 700, 701 (Mo. banc 2004); *Wells v. Dunn*, 104 S.W.3d 792, 794 (Mo.App. W.D. 2003). In so doing,

[w]e presume that the agency's decision is correct. And, as is the general rule when a judgment is presumed correct, the burden to show otherwise falls on the party challenging the decision. If a

---

1. Unless otherwise noted, all references to regulations are to the Missouri Code of State Regulations (2006).

2. Unless otherwise indicated, all references to statutes are to RSMo 2000.

3. Section 536.010(4) RSMo Cum.Supp.2006 defines a "[c]ontested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." In this case, Claimant sought, and was granted, an administrative hearing to challenge the revocation of his "foster/adoptive home license" pursuant to 13 C.S.R. § 35–60.010(2)(A), which, in relevant part, provides that "[a]ny person aggrieved by a final decision of the [Children's Division] made with regard to ... license revocation ... shall be entitled to a hearing and review by the [D]irector or his/her designee." Because Claimant was entitled to a hearing by virtue of 13 C.S.R. § 35–60.010(2)(A), the agency proceeding was a "contested case."

party ... prevails in his position at the agency level, but then is later unsuccessful at the circuit-court level, it is not his burden to claim error in an appellant's brief before this Court because, to put it simply, he prevailed at the agency level, which is the decision to be reviewed by this Court.

*Versatile Mgmt. Group v. Finke*, 252 S.W.3d 227, 231–32 (Mo.App. E.D.2008) (citations omitted). As a result, it is the party who contests the *agency* decision who bears the burden of persuading this Court that the agency decision was in error, even though that party did not appeal to this court. *Id.* at 232. Procedurally, this anomaly is addressed by Rule 84.05(e),[4] which provides:

> If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the *agency* decision shall file the appellant's brief and reply brief.... The party aggrieved by the *circuit court* decision shall prepare the respondent's brief.... (Emphasis added.)

In this case, we issued an order to the parties to show cause why this case should not be briefed in accordance with Rule 84.05(e). After receiving no response from either party, the Court ordered Claimant to file the appellant's brief pursuant to Rule 84.05(e). Claimant has failed to file a brief in this matter. As a result, Claimant has failed to preserve any issue for appellate review and has failed to carry his burden of persuading this Court that the Director's decision was in error. Under these circumstances, we have no alternative but to affirm the agency decision.

Accordingly, we reverse the judgment of the circuit court and remand with directions to reinstate the decision of the Director.

---

4. Unless otherwise noted, all references to rules are to Missouri Court Rules (2009).