**Julie Rose RINGER, Respondent,**

v.

**MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES, Appellant.**

**No. WD 70489.**

Missouri Court of Appeals, Western District.

Jan. 12, 2010.

Margaret K. Landwehr, Jefferson City, MO, for Appellant.

Julie R. Ringer, Genevieve, MO, Respondent Acting pro se.

Before JAMES EDWARD WELSH, P.J., JOSEPH M. ELLIS, and MARK D. PFEIFFER, JJ.

JAMES EDWARD WELSH, Judge.

The Missouri Department of Health and Human Services notified Julie Rose Ringer that it intended to place her name, for a period of three years, on the Employee Disqualification List[1] because she recklessly or knowingly abused residents of a licensed nursing home facility. Ringer requested and received a hearing on the matter before the Department's hearing officer. Thereafter, the Director of the Division of Regulation and Licensure of the Missouri Department of Health and Senior Services issued a decision affirming the Department's decision to place Ringer on the Employee Disqualification List. Ringer sought review of this decision in the circuit court, and the circuit court overturned the Director's decision. As the party aggrieved by the circuit court's decision, the Department filed a notice of appeal to this court. Because, however, we review the agency's decision and not the circuit court's decision, this court, pursuant to Rule 84.05(e), designated Ringer to file the opening brief. Ringer, however, failed to file a brief and, therefore, failed to preserve any issue for appellate review. Thus, we reverse the circuit court's judgment and remand with directions to reinstate the decision of the Director.

In an appeal following judicial review of an administrative agency's decision, this court reviews the agency's decision and not the circuit court's judgment. *Mo. Coalition for the Env't v. Herrmann*, 142 S.W.3d 700, 701 (Mo. banc 2004). In so reviewing, we presume that the agency's decision is correct, and the burden to show otherwise is placed on the party challenging the decision. *Versatile Mgmt. Group v. Finke*, 252 S.W.3d 227, 231 (Mo. App.2008). Therefore, if a party prevails at the agency level but is unsuccessful at the circuit court level, it is not that party's burden to claim error in an appellant's brief before the appellate court "because, to put it simply, [the party] prevailed at the agency level, which is the decision to be reviewed by [the appellate court]." *Id.* at 231–32. Thus, the party who contests the agency decision bears the burden of persuading the appellate court that the agency decision was in error, even though that party did not appeal to this court. *Id.*

1. In its letter to Ringer, the Department informed Ringer that the Employee Disqualification List (EDL):

[I]s a record of the names of persons who are or who have been employed in any facility and who have been finally determined by the Department of Health and Senior Services to have recklessly or knowingly abused or neglected a resident, in violation of Section 198.070, RSMo. The EDL, as required by Section 660.315, RSMo, is provided to licensed long-term care facility operators; in-home service providers under contact with the Department; any person, corporation or association who employs nurses and nursing assistants for temporary or intermittent placement in health care facilities; any person, corporation or association who is approved by the Department to issue certificates for nursing assistants training; or any person, corporation or association who is an entity licensed under Chapter 197, RSMo. No person, corporation or association who receives the EDL may employ any person who name is included on the EDL. Section 630.170, RSMo, also disqualifies any person whose name appears on the [EDL] from holding any position in any public or private facility or day program operated, funded or licensed by the Department of Mental Health or in any mental health facility or mental health program in which people are admitted on a voluntary or involuntary basis or are civilly detained pursuant to Chapter 632, RSMo.

at 232. Indeed, our court rules recognize this procedural anomaly and set forth the briefing procedures to be followed in these types of cases. Rule 84.05(e) provides:

If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief.... The party aggrieved by the circuit court decision shall prepare the respondent's brief....

█ Pursuant to Rule 84.05(e), this case was placed into a reverse briefing schedule whereby Ringer was designated to file the opening brief. Ringer failed to file a brief in this case, and this court sent her a notice informing her that she was in default and giving her time to remedy the default by filing a brief before June 11, 2009. Even in response to this notice, Ringer did not file a brief. Because Ringer failed to file a brief, she failed to preserve any issue for appellate review and failed to carry her burden of persuading this court that the Director's decision was in error. Under these circumstances, we have no alternative but to affirm the Director's decision.

Indeed, our holding in this case is identical to that of *McCleney v. Neese*, 288 S.W.3d 326 (Mo.App.2009), a recent decision of this court's Southern District. In that case, the Children's Division of the Department of Social Services recommended revocation of claimant's foster/adoptive home license. *Id.* at 327. Claimant requested an administrative hearing to challenge the revocation, and, following a hearing, the Director of the Children's Division issued a decision affirming the revocation of claimant's license. *Id.* Claimant filed a petition for judicial review of the Director's decision in the circuit court. *Id.* On review, the circuit court reversed the Director's decision. *Id.* The Director filed a notice of appeal in this court's Southern District, which ordered, pursuant to Rule 84.05(e), claimant to file the opening brief. *Id.* at 327–28. Because, however, claimant failed to file a brief and "failed to provide [the court] with any indication that the Director's decision was erroneous," the Southern District reversed the circuit court's judgment and ordered the Director's decision reinstated. *Id.* The *McCleney* court held, "Claimant has failed to preserve any issue for appellate review and has failed to carry his burden of persuading this Court that the Director's decision was in error. Under these circumstances, we have no alternative but to affirm the agency decision." *Id.* at 328.

Because Ringer failed to file a brief in this case, we reverse the circuit court's judgment and remand with directions to reinstate the Director's decision.

All concur.