

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| SHERYL L. MORRIS, | ) | |
| | ) | |
| Respondent, | ) | WD77196 |
| | ) | |
| v. | ) | OPINION FILED: October 14, 2014 |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| HEALTH AND SENIOR SERVICES, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Patricia S. Joyce, Judge

Before Division Three: Gary D. Witt, Presiding Judge, Joseph M. Ellis, Judge and
Thomas H. Newton, Judge

On January 30, 2012, the Missouri Department of Health and Senior Services ("Department") notified Sheryl L. Morris ("Morris") that it proposed to place her name on the Employee Disqualification List (EDL). Morris was a restorative nursing aid (RNA) and certified nursing aid (CNA) working in a skilled nursing facility. The proposed action resulted after a Department investigation regarding allegations of neglect of a patient.

On September 11, 2012, an administrative hearing officer issued a decision that affirmed the Department's proposal to place Morris on the EDL. Morris filed a petition for review of that decision in the Cole County Circuit Court, and the circuit court overruled the Department's decision and directed that Morris's name should not be placed upon the EDL.

As the party aggrieved by the circuit court's decision, the Department filed a notice of appeal to this court. Rule 84.05(e),[1] however, states that because we review the agency's decision and not the circuit court's decision, Morris was required to file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. Morris, however, failed to file a brief and accordingly failed to preserve any issue for review.

"In an appeal following judicial review of an administrative agency's decision, this court reviews the agency's decision and not the circuit court's judgment." *Ringer v. Mo. Dept. of Health and Senior Servs.*, 306 S.W.3d 113, 114 (Mo. App. W.D. 2010) (citing *Mo. Coalition for the Env't v. Herrmann*, 142 S.W.3d 700, 701 (Mo. banc 2004)). In our review, "we presume that the agency's decision is correct, and the burden to show otherwise is placed on the party challenging the decision." *Id.* (citation omitted). As such, where a party prevails at the agency level but is unsuccessful at the circuit court level, it is not that party's burden to claim error in an appellant's brief before the appellate court because that party prevailed at the agency level, which is the decision that we review. *Id.* (citation omitted). Therefore, "the party who contests the agency decision

[1] All rule references are to Missouri Supreme Court Rules (2014) unless otherwise indicated.

bears the burden of persuading the appellate court that the agency decision was in error, even though that party did not appeal to this court." *Id.* (citation omitted).

Pursuant to Rule 84.05(e), this case was placed into a reverse briefing schedule such that Morris was designated to file the opening brief. Morris failed to file a brief, and we accordingly sent a dismissal notice and granted an extension of time to file a brief on our own motion. Morris still failed to file a brief. She therefore failed to preserve any issue for appellate review and failed to carry her burden of persuading this court that the agency's decision was in error. *See id.* We therefore are compelled to affirm the agency's decision. *Id.; see also McCleney v. Neese*, 288 S.W.3d 326 (Mo. App. S.D. 2009) (reversing circuit court's judgment and remanding with instructions to reinstate agency decision where claimant failed to follow Rule 84.05(e)).

Because Morris failed to file a brief in this case, we do not reach the merits of the action. We reverse the circuit court's judgment and remand with directions to reinstate the Department's decision.

_____
Gary D. Witt, Judge

All concur

3